**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GEICO Insurance Company; and<br>Jennifer Vendars,<br><br>　　　　Defendants. | No. CV-12-00046-TUC-FRZ<br><br>**ORDER** |

Angela Nails was in an auto accident on February 7, 2011.  She filed a pro se complaint against her insurance company, Geico, and Jennifer Vendars.  Doc. 1.  The complaint, among other things, alleges that Geico paid out a claim to two different parties without having fully investigated the claim.  *Id.* at 1.

Plaintiff has filed a motion for leave to proceed in forma pauperis.  Doc. 2.  For reasons stated below, the Court will dismiss the complaint with leave to amend and deny the motion without prejudice.  Plaintiff shall have until **June 1, 2012** to file an amended complaint.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citations omitted).  Given the limited nature of federal jurisdiction, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when

1   no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  A federal

2   court, therefore, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714

3   F.2d 77, 78-79 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

4   time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

5        Pursuant to federal statutes, this Court has subject-matter jurisdiction over a case

6   where there is federal question jurisdiction, 28 U.S.C. § 1331, or where diversity jurisdiction

7   exists, 28 U.S.C. § 1332.  Federal question jurisdiction is lacking because the complaint

8   asserts no federal claim.  Nor does it affirmatively show complete diversity of citizenship

9   among the parties.  In determining the existence of diversity jurisdiction, a corporation is a

10   citizen of both the state where it is incorporated and the state where it has its principal place

11   of business.  28 U.S.C. § 1332(c)(1); *see Hertz*, 130 S. Ct. at 1186.  The complaint asserts

12   that Plaintiff is a resident of Alabama (Doc. 1 at 1), but does not sufficiently identify the

13   citizenship of each Defendant.  The Court will dismiss the complaint for lack of subject-

14   matter jurisdiction.

15        Under Rule 15 of the Federal Rules of Civil Procedure, the Court should freely give

16   leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  This Circuit has made

17   clear that "[a] pro se litigant must be given leave to amend his or her complaint unless it is

18   absolutely clear that the deficiencies of the complaint could not be cured by amendment."

19   *Karim-Pahani v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and

20   citations omitted).  Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will

21   grant Plaintiff leave to file an amended complaint by **June 1, 2012**.

22        For purposes of amendment, Plaintiff is directed to Rule 8 of the Federal Rules of

23   Civil Procedure.  Under that rule, the complaint must contain a short and plain statement of

24   the grounds upon which the Court's jurisdiction depends, a short and plain statement of each

25   specific claim asserted against each Defendant, and a demand for the relief sought.  Fed. R.

26   Civ. P. 8(a)(1)-(3).  While no technical form is required, "[e]ach allegation must be simple,

27   concise, and direct." Fed. R. Civ. P. 8(d)(1).  These pleading requirements are to be set forth

28   in separate and discrete numbered paragraphs.  The complaint also must set forth each legal

claim for relief in a separate count (i.e., count one, count two, etc.).

In order to survive dismissal, and satisfy the pleading requirements of Rule 8, the amended complaint must not only affirmatively establish federal jurisdiction, it must also give each defendant "'fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This includes some factual basis for each claim and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2); brackets in original).

Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a second amended complaint if the first amended complaint were found to be deficient.

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which [she] litigates."). The Federal Rules of Civil Procedure and the Court's Local Rules are available at the Court's Internet website: www.azd.uscourts.gov (follow link titled "Rules/General Orders").

If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1.      The complaint (Doc. 1) is **dismissed** for lack of subject-matter jurisdiction.

1    2.    The motion for leave to proceed in forma pauperis (Doc. 2) is **denied** as moot

2         and without prejudice to refiling.

3    3.    Plaintiff shall have until **June 1, 2012** to file an amended complaint consistent

4         with this order.  No extension of time will be granted absent a showing of good

5         cause.

6    4.    The Clerk is directed to terminate this action without further notice from the

7         Court if Plaintiff fails to comply with this order.

8

9  DATED this 27th day of April, 2012.

10

11

12                   Frank R. Zapata

13            Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28